## SACHS v. ALUMINUM CO. OF AMERICA.

### No. 10557.

Circuit Court of Appeals, Sixth Circuit.

April 23, 1948.

Howard F. Burns, of Cleveland, Ohio (William H. Webb, of Pittsburgh, Pa., Clarence B. Zewadski, of Detroit, Mich., and Howard F. Burns, of Cleveland, Ohio, on the brief), for appellant.

Drury W. Cooper, of New York City (D. W. Cooper, and W. D. Keith, both of New York City, John W. Meyer, of Cleveland, Ohio, and R. R. Kramer, of Knoxville, Tenn., on the brief), for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

Upon due consideration of the record and the briefs and oral arguments of the attorneys in this cause, we are of opinion that the district judge properly adjudged Dr. George Sachs in contempt for his neglect and refusal to obey the court's directions that he answer certain questions propounded to him by counsel for the Aluminum Company of America in the taking of his deposition.

Dr. Sachs is not an attorney but is an expert in X-ray metallography, who was engaged by counsel for the Cold Metal Process Company to make certain tests and X-ray photographs of samples of metal furnished him. His services were procured in preparation for the trial of a patent case. The information obtained by Dr. Sachs is not deemed to fall within the attorney-client privilege protecting the "work product of the lawyer." This information appears to be essential to a vital issue in the case and is evidentiary in character.

We think, therefore, that, as correctly reasoned by the district judge, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, does not sustain the position of appellant that the witness, Sachs, was privileged to decline to divulge the requested information by refusing to answer the questions put to him. The obvious purpose of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723, to broaden the scope of inquiry of an adverse witness or party without vouching for his credibility gain-

says the thought that the attorney-client privilege should be liberally extended to cover information sought of one who is not a lawyer, but has merely been retained by an attorney-at-law as an expert in a scientific field. The primary concern of courts of justice is to elicit truth essential to correct adjudication.

The judgment of the district court is affirmed.