William Mack HENDERSON

v.

SOUTHERN RAILWAY COMPANY.

Civ. A. No. 2417.

United States District Court,
E. D. Tennessee, N. D.

Jan. 20, 1955.

6. Hickman v. Taylor, supra, note 5, 329 U.S. at pages 507, 508, 67 S.Ct. at pages 391, 392.

Richard Stair, Knoxville, Tenn., J. Carson Ridenour, Clinton, Tenn., for plaintiff.

Key & Lee, Hodges & Doughty, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendant has moved to vacate or modify a portion of the order entered in this case on November 19, 1954, requiring the production for inspection and copying certain documents. The petition was filed under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for the production of these documents, which are as follows:

"(2) Written statements of defendant's train crew aboard the engine at the time of the accident.

"(3) Written statements, including memoranda of oral statements, of all witnesses who saw or had knowledge of the accident.

"(5) Defendant's copy of Atomic Energy Commission's Safety Patrol report of accident."

Other documents were ordered produced for inspection and copying in the same order to which no objection is made.

Defendant has offered to plaintiff the names and addresses of the persons its representatives contacted in their investigation. It is the insistence of the defendant that plaintiff is not entitled to anything more than the names and addresses of the persons who were contacted in the investigation of the accident which is the subject of the lawsuit.

In support of this insistence Cogdill v. Tennessee Valley Authority, D.C., 7 F.R.D. 411, 415, is cited. This decision was rendered by the late George C. Taylor, presiding Judge of this Court. The Court held in that case in a supplemental memorandum opinion that the affidavits filed by the attorneys of the T.V.A. subsequent to the original decision, tended to show that the status of the attorneys of the T.V.A. "is that of autonomous attorneys and that there is not sufficient showing of necessity to require said attorneys to disclose to plaintiff the contents of their private file. As one of the affidavits discloses the names of all persons interviewed by defendant's counsel by way of preliminary investigation of the accident, this disclosure, we believe, removes the necessity that served as a basis for sustaining of plaintiff's motion as regards disclosure of written statements."

It is to be noted that the Court refused to order production in the Cogdill case because the information sought was the work product of counsel, and necessity did not demand its production. The T.V.A. had given plaintiff the sources from which the information was obtained. This case is distinguishable from the present case for the reason that the work product of counsel is not involved.

Plaintiff states in his affidavit that he suffered serious injuries on account of the accident referred to in the complaint. The complaint alleges that there was a collision between the automobile in which plaintiff was riding and one of the defendant's locomotive diesel engines at a railroad crossing on the Government reservation in Oak Ridge, and that as a result plaintiff was rendered unconscious for a period of approximately 30 days and remained in the hospital for a period of three months. The affidavit of plaintiff's counsel states that the physical and mental condition of plaintiff prevented him from obtaining the names of witnesses who saw, or had knowledge of the accident; that defendant made a thorough examination of the facts immediately after the accident; that due to certain security regulations plaintiff was impeded and prevented from obtaining certain information pertaining to the accident which defendant was able to obtain; that plaintiff's counsel attempted to view the scene of the accident but was not allowed to do so. Thus by reason of the circumstances and conditions set out in the affidavits, plaintiff and his attorneys were prevented from making an adequate investigation of the accident. It is also shown in the affidavit of plaintiff's attorney that defendant was not impeded in its investigation of the accident on account of a contract existing between defendant and the Government.

This Court in the Cogdill case in discussing a situation where the defendant had an initial advantage over plaintiff in securing the facts surrounding the accident used the following pertinent language:

"The situation which presents itself to the mind's eye differs from that which defendants' affidavit suggests. Here was a woman, allegedly critically injured and at the time unconscious. Her relatives, if behaving with what may be assumed to be the normal behavior of close relatives in such painful circumstances, were concerned with her injuries and her care, rather than with a search for witnesses and the preparation of evidence. On the other hand, it may be assumed that defendant driver of the truck which injured plaintiff was concerned with the possible consequences of the accident to himself and his employer, and that he, possibly under standing instructions, immediately reported the accident to his superiors, then proceeded to collect what information he found available for use in more extended investigations by other agents of his employer. The result of such contrasting situations, if found to exist in fact, would be to place the initial advantage in the acquisition of facts all on one side. There is an implication in Rules 26 to 37, and particularly Rule 34, that such an advantage is unfair and should not permanently prevail."

Counsel for the defendant also relies on the case of Miller v. Southwestern Greyhound Lines, Inc., a decision by Judge Darr, which is not published. The statement was made in that decision to the effect that a party who gives his adversary the names and addresses of the parties whom he has contacted is not required to produce their statements for inspection and copying. It was stated in that connection that to order production would run counter to the rule "which prevents one party from prying into another party's preparation for trial." This rule is not applicable to the facts in the present case because the work product of counsel in preparation for trial is not involved.

The case of Atlantic Greyhound Corporation v. Lauritzen, 182 F.2d 540, is cited by the plaintiff in opposition to the motion. The Lauritzen case was appealed from this Court to the Sixth Circuit Court of Appeals and there affirmed. The Lower Court and the Appellate Court held in that case that the plaintiff had shown good cause for the produc-

tion. The statements sought were those given by a number of passengers on the bus that was involved in the accident. Some of the parties were located at distant points from the place of trial. Nor was the work product of counsel involved in that case. Necessity required the production of the statements in order to place plaintiff at an equal advantage with defendant in the investigation of the facts of the case.

■ It is common knowledge that some of the common carriers, particularly bus operators, require the bus driver, in the event of an accident, to obtain signed statements not only from the passengers but from all other persons who may have knowledge of the accident, immediately after the accident occurs. It is safe to say that if some of the parties were to be asked about these statements many months after the accident occurs, they would not likely remember them without refreshing their recollection by re-reading the statements. In such a situation it is important for the plaintiff to have access to the statements if, by reason of factors beyond his control, he did not have a reasonable opportunity to investigate the accident immediately after it occurred.

■ For the indicated reasons, it is the opinion of the Court that plaintiff has made out a case that entitled him to the information sought under paragraphs (2) and (3) of the order heretofore mentioned.

We now come to the information sought by plaintiff under paragraph (5) of the order.

■ The affidavit states that plaintiff made demands from the Security Division of the Atomic Energy Commission for access to its safety patrol report but was denied access to such report. The defendant has a copy of the report. This is good cause for the production of this report.

An order is this day passed to the Clerk overruling defendant's motion to vacate or modify the order entered in this case on November 19, 1954.