UNITED STATES of America,
Plaintiff,

v.

STANDARD OIL COMPANY (NEW
JERSEY) Socony-Vacuum Oil Compa-
ny, Inc., Standard Oil Company of Cal-
ifornia, The Texas Company, Gulf Oil
Corporation, Defendants.

United States District Court
S. D. New York.

Dec. 2, 1958.

**2**

Victor R. Hansen, Asst. Atty. Gen., Richard B. O'Donnell, Chief, New York Office, Antitrust Division, New York City, Wilbur L. Fugate, Charles L. Whittinghill, Barbara Svedberg, David Haberman, and Max Freeman, Trial Attorneys, Department of Justice, Washington, D. C., for the U. S.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City (Taggart Whipple, New York City, of counsel), Sullivan & Cromwell, New York City (Arthur H. Dean, and Roy H. Steyer, New York City, of counsel), for defendant Standard Oil Co. (New Jersey).

Donovan, Leisure, Newton & Irvine, New York City (George S. Leisure and James R. Withrow, Jr., New York City, of counsel), Dorr, Hand, Whittaker & Peet, New York City (Goldthwaite H. Dorr, New York City, of counsel), for defendant Socony-Vacuum Oil Company, Inc.

Cahill, Gordon, Reindel & Ohl, New York City (John F. Sonnett and William Sayre, New York City, of counsel), for defendant Standard Oil Company of California.

Kissam & Halpin, New York City (Leo T. Kissam and George B. Cooke, New York City, of counsel), Oscar John Dorwin, New York City, for defendant The Texas Company.

Dunnington, Bartholow & Miller, New York City (William F. Saunders, New York City, of counsel), Howrey & Simon, Washington, D. C. (Edward F. Howrey, Washington, D. C., of counsel), for defendant Gulf Oil Corporation.

CASHIN, District Judge.

This is a civil antitrust action brought pursuant to the Sherman Anti-Trust Act (15 U.S.C.A. §§ 1 and 2) and the Wilson Tariff Act (15 U.S.C. § 8). The defendants are five major American oil companies, namely, Standard Oil Company (New Jersey) (hereafter "Jersey"), Socony-Vacuum Oil Company, Inc. (Socony-Vacuum Oil Company, Inc. has since the institution of the suit changed its corporate name to Socony Mobil Oil Company, Inc.) (hereafter "Socony", Standard Oil Company of California (hereafter "Socal"), The Texas Company (hereafter "Texas") and Gulf Oil Corporation (hereafter "Gulf"). Named as co-conspirators, but not as defendants, are Royal Dutch Petroleum Company (hereafter "Royal Dutch"), The "Shell" Transport and Trading Company (hereafter "Shell") and Anglo-Iranian Oil Company, Ltd. (hereafter "Anglo-Iranian"). Originally, a Grand Jury investigation, looking, of course, toward a criminal indictment, was initiated. However, probably because of national security considerations, the Grand Jury investigation was terminated and the instant action was instituted.

The complaint charges basically that commencing in 1928 a conspiracy to monopolize international commerce in oil was initiated by some of the alleged conspirators, and that by 1931 all of the alleged conspirators had adhered to the agreements by which the charged conspiracy was effected. The conspiracy, of course, is charged to have subsisted to

the date of the complaint. The complaint excepts from its charges most activities of defendants, save top management activities within the United States.

All of the defendants have denied being engaged in any unlawful conspiracy and have pleaded, as an affirmative defense, that all agreements entered into by them concerning activities outside the United States were necessitated either by economic exigencies or foreign law.

Involved herein are motions for production directed to each of the defendants (Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.); objections to interrogatories noticed for hearing by each of the defendants except Gulf (Rules 33 and 30(b) Federal Rules of Civil Procedure); and motions by all of the defendants, either by notice of motion or in the papers in opposition to the Government's motions, for a stay of all discovery proceedings pending specification by the Government of its charges. Subsequent to the argument of the motions on May 12 through 15 and 19 through 21, 1958, numerous pretrial conferences were held through the summer and fall, in an attempt to reconcile the widely divergent views of the parties with respect to the motions under consideration. Although some clarifications of the precise scope of the Government's demands were reached and certain concessions were made by the Government, no substantial agreement among the parties could be attained.

In 1953 the Government brought on motions for production. However, at the suggestion of Judge Leibell, to whom the case was then assigned, defendants made voluntary production of what they deemed relevant documents from their domestic files. Thus, the motions for production now considered demand, chiefly, documents which are to be found in the foreign files of the defendants, their affiliates or subsidiaries. Similarly, the information necessary to answer the interrogatories objected to is, for the most part, also contained in foreign files.

■ I will treat, first, the motions for a stay of discovery proceedings. While it is true that the allegations of the complaint are rather broad and sweeping, it is equally true that this characteristic of the allegations is, of necessity, intentional. The conspiracy charged is worldwide and affects virtually all of the major sources of petroleum. It would, of course, be necessary before the trial of the action that the charges of the Government be made more specific. However, the defendants, who move at this time for a stay of discovery proceedings, would appear to be guilty of a temporal fallacy. The facts upon which any further specification by the Government of its charges can be made are necessarily peculiarly within the knowledge of the defendants. Even though substantial production from domestic sources has already been voluntarily made by defendants, it would, nevertheless, appear that further information is necessary before the Government can reasonably be expected so to specify. One very obvious example supporting this conclusion is the fact that Interrogatory V(4) seeks information delineating the precise corporate relationships among the defendants and the alleged co-conspirators and their subsidiaries or joint companies as those relationships existed throughout the period covered by the complaint. Certainly, if the Government does not have this basic information, specification at this time should not be ordered. The motions for a stay are, accordingly, denied.

■■ Because the Government must further discover before it can specify, does not mean that it is entitled to all of the material covered by the interrogatories and the motions to produce. Rather, the burden upon the defendants in producing the documents or answering the interrogatories must be weighed against the necessity of the documents and information to the Government, at this time, in order to make its case. Because of the monumental difficulties which would necessarily be imposed up-

on the defendants, particularly in the production of foreign documents, it would appear the most feasible course to order, at this time, the minimum discovery which is likely to provide sufficient information for, at least, a preliminary narrowing of the issues. After such preliminary narrowing, the balance of discovery can be measured against the frame of reference of the issues, as so narrowed, rather than against the broad frame of reference of the complaint which is the only one presently available. After the narrowing of the issues, much of the production presently sought might be determined not to be necessary. To effectuate the result sought, I deem it advisable to order, at present, only that the interrogatories, as further amended by the Government after discussion, (see Schedule "A" attached hereto) be answered. Thus, the general objections to the interrogatories raised by the defendants are hereby overruled. The specific objections raised will be disposed of below. The motions for production will be held in abeyance pending the specifications referred to above.

This ruling, of course, is in no way to be construed as an implied holding that any or all of the documents demanded in the Rule 34 motions will not subsequently be ordered produced. I am holding now only that their production at this time is not warranted under the scheme I have devised for the orderly procedure of the case.

Although the above formally disposes of all the motions pending, because of the peculiar circumstances involved in this vast case more than a pro forma order must be entered. Problems of foreign law and trade secrets are also involved. From the reported cases, and from expert testimony presented at the hearings on the motions, it is apparent that defendants may well experience difficulty in obtaining information upon which to base answers to interrogatories from files located in foreign countries. The difficulty may arise from at least two sources:

*Firstly*: Certain countries have restrictions against the dissemination of business information; and

*Secondly*: Certain countries have no provision whereby shareholders can readily obtain information from corporate files. (Most of these foreign operations of defendants are conducted through subsidiaries, affiliates or corporations jointly owned by defendants or defendants and co-conspirators and third parties).

It would, of course, be possible to hold hearings concerning the applicable law in each country from which information must be obtained, and based upon those hearings frame an order consonant with the law in each individual country. However, such a procedure would be exceedingly time-consuming and very possibly, in the long run, unnecessary. It would appear that even though a particular country might have a non-disclosure law, waivers are often obtainable from a designated official. I have, therefore, determined to adapt the procedure utilized in the case of Societe Internationale, etc. v. McGranery, D.C.D.C., 111 F.Supp. 435, affirmed sub nom. Societe Internationale, etc. v. Brownell, 1955, 96 U.S.App.D.C. 232, 225 F.2d 532, certiorari denied 1956, 350 U.S. 937, 76 S.Ct. 302, 100 L.Ed. 818, rehearing denied 1956, 350 U.S. 976, 76 S.Ct. 430, 100 L. Ed. 846; 1957, 100 U.S.App.D.C. 148, 243 F.2d 254, reversed and remanded sub nom. Societe Internationale, etc. v. Rogers, 1958, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255. Under this adapted procedure, defendants must make a good faith attempt to obtain the requisite information. If the good faith attempt meets with failure and the Government contests defendant's statement that it has, in fact, made a good faith attempt, a hearing on that issue will be scheduled at the request of either the Government or the affected defendant as soon as possible. Based upon the determination made as a result of the hearings, the supplying of the information will be dispensed with, further efforts

at the obtaining of the information will be directed, or appropriate disciplinary measures will be taken under Rule 37(a), (b) or (d).

■ The trade secret issue can be easily disposed of. The interrogatories must, of course, be answered. However, upon the request of any defendant such answers will be sealed and thus not available to the public. The Government, of course, will treat the answers as confidential. A ruling as to whether any right to secrecy exists need not be made unless and until the Government determines that it will wish to submit the information claimed to be secret into evidence at the trial of the action.

Defendants claim that certain of the interrogatories are so vague and indefinite that they cannot, in their present form, be answered. This difficulty is, obviously, not insuperable. Counsel are directed to confer with one another and reach agreement on the precise wording of the interrogatories in their final form before the entry of an order. In addition, counsel should agree on a reasonable time within which the interrogatories are to be answered.

It has been requested of the Court that, before an order is entered on the motions, counsel be given an opportunity to be heard as to the form of the order. I believe that counsel negotiating in good faith should be able to reach suitable agreement on the terms of the order so that no argument thereof will be necessary. However, in view of the size and importance of the case I do not wish to preclude such argument, if deemed necessary by any party. Accordingly, upon request an argument on the form of the order will be scheduled by the Court.

Schedule "A".

Further Amendments to Plaintiff's Amended Interrogatories.

Time Period

Defendants need furnish information commencing January 1, 1941 except for Interrogatory V(4) (a) and (b)—Corporate Data.

Other Amendments

1. Interrogatories I, II and III—Information of a defendant, and its 100% subsidiaries may be consolidated.

2. Interrogatories II and III—Intra-Caltex transactions eliminated.

3. Interrogatory V(2)—Tankers under charter by a defendant to a subsidiary and vice versa need only be listed once.

4. Interrogatory V(4) (b)—Information as to defunct domestic corporations may be eliminated.

5. Interrogatory V(4) (c)—Only last known addresses need be given.

6. Where the same information is called for from two or more defendants in the case of joint companies, only one parent need furnish such answers if the other defendants concerned will stipulate the accuracy thereof.