UNITED STATES of America,
Plaintiff,

v.

The WATCHMAKERS OF SWITZER-
LAND INFORMATION CENTER, Inc.;
Federation Suisse Des Associations De
Fabricants D'Horlogerie; Ebauches,
S.A.; Foote, Cone & Belding; Ameri-
can Watch Association, Inc.; Bulova
Watch Company, Inc.; Benrus Watch
Company; Gruen Watch Company;
Longines-Wittnauer Watch Company;
Gruen Watch Manufacturing Company,
S.A.; Eterna, A.G. Uhrenfabrik; Witt-
nauer et Cie, S.A.; Montres Rolex, S.A.;
Concord Watch Co.; Eterna Watch
Company of America; Diethelm and
Keller (USA) Ltd.; The American Rolex
Watch Corporation; Rodana Watch
Company, Inc.; Movado Watch Agency,
Inc.; Jean R. Graef, Inc.; Norman M.
Morris Corporation; The Henry Stern
Watch Agency, Inc.; Cyma Watch Co.,
Inc.; Wyler Watch Agency, Inc., De-
fendants.

United States District Court
S. D. New York.

Dec. 23, 1958.

See also 133 F.Supp. 40, reargument
denied, 134 F.Supp. 710.

Richard B. O'Donnell, Chief, New York Office, Anti-trust Division, New York City, Mary Gardiner Jones, Elliott H. Feldman, Averill M. Williams, and Donald Ferguson, Attys., Dept. of Justice, New York City, for the United States.

Robert Perret, New York City, for defendants, The Watchmakers of Switzerland Information Center, Inc., Federation Suisse des Associations de Fabricants D'Horlogerie, Ebauches, S.A. Uhrenfabrick and Eterna Watch Co. of America, by Solinger & Gordon, Eugene H. Gordon, New York City, of counsel.

William H. Fox, New York City, for defendant American Watch Ass'n, Inc., by Davies, Richberg, Tydings, Landa & Duff, Washington, D. C., J. Lee Murphy, of counsel.

Manning, Hollinger & Shea, New York City, for defendants Gruen Watch Co. and Gruen Watch Mfg. Co., S.A., by Donald W. Randall, New York City, of counsel.

Goodwin, Danforth, Savage & Whitehead, New York City, for defendants Longines-Wittnauer Watch Co., Wittnauer et Cie, S.A. and Diethelm and Keller (USA) Ltd., by Donovan, Leisure, Newton & Irvine, James V. Hayes, and William F. Clare, Jr., New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant American Rolex Watch Corp., by Peter H. Kaminer, New York City, of counsel.

CASHIN, District Judge.

This is a civil anti-trust action brought by the Government under the Sherman Anti-Trust Act (15 U.S.C.A. § 1) and the Wilson Tariff Act (15 U.S.C.A. § 8). The defendants are both American and Swiss corporations. Named as co-conspirators but not as defendants are Swiss corporations and organizations. For the purposes of this motion, it is not necessary to review the precise nature of the unlawful acts charged. Suffice it to say that what is generally alleged is that Swiss organizations, by agreement with American organizations, restrict manufacture and export of American made watches and parts in return for the American organizations' right to obtain Swiss watches and parts. Plaintiff has already had extensive discovery from defendants. The present motion is in the nature of a hearing on objections to defendants' interrogatories noticed by plaintiff.

Plaintiff objects to some of defendants' interrogatories on three grounds:

*First:* Plaintiff objects to identifying certain documents which could be used to support the general allegations made in the complaint;

*Second:* Plaintiff objects to those interrogatories which seek to elicit information concerning the effects of the conspiracy; and

*Third:* Plaintiff objects to those interrogatories which it claims seek legal conclusions.

Since the objections to the interrogatories of the various defendants have been categorized, my decision will be given in principle similarly covering the objections to all of the interrogatories.

### I. Interrogatories Concerning Identification of Documents.

In the ordinary case, the latitude of discovery proceedings must, perforce, be prescribed by reference to the issues as framed by the pleadings. However, in certain cases, notably anti-trust suits, if those cases are to be kept within reasonable bounds, a different yardstick must be found. So recently, in another civil anti-trust case, I deferred production of documents by the defendants until the plaintiff had narrowed the issues at least.

to some extent. At the same time, I overruled defendants' objections to the plaintiff's interrogatories since plaintiff would need the information in the answers to the interrogatories before it would be able so to narrow the issues. After the narrowing of the issues "the balance of discovery [could] be measured against the frame of reference of the issues, as so narrowed, rather than against the broad frame of reference of the complaint * * * ". United States v. Standard Oil Company (New Jersey), D. C., 23 F.R.D. 1.

■ In the instant case the proceedings have progressed to a further degree. Plaintiff has already completed its discovery and, apart from discovery, has obtained information from other Government sources and from a Grand Jury proceeding concerning the same subject matter as this civil action. Based upon the information thus obtained, plaintiff has prepared a statement of claims and a list of documents upon which it intends to rely in proving the stated claims. Plaintiff is willing to identify and deliver to defendants copies of all of the documents upon which it intends to rely at the trial of the action. However, despite the advanced state of pre-trial proceedings, defendants, nevertheless, contend for discovery as though only the pleadings were available to measure the issues involved. Were I to order discovery on the theory contended for by defendants, I would make a mockery of the efforts of the plaintiff to bring the case within workable bounds. Since the plaintiff has taken the initiative in narrowing the issues, I believe that defendants' discovery must be limited within those issues. I, therefore, hold that identification of documents in the possession of plaintiff need extend only to those upon which it intends to rely at the trial of the action. Insofar as defendants' interrogatories seek further identification, the objections of plaintiff thereto are sustained.

II. Interrogatories Concerning the Effects of the Conspiracy.

■■ In paragraph 40 of the complaint plaintiff alleges various undesirable effects flowing from the charged conspiracy. Despite these allegations, plaintiff objects generally to defendants' interrogatories seeking to elicit information concerning them on the ground that proof of the allegations is unnecessary to establish a case against the defendants. In the ordinary action there would be no hesitancy in summarily overruling objections of a party to interrogatories of the opposing party, based upon allegations made by the objector. However, as pointed out under heading "I", the usual rules concerning discovery cannot be slavishly applied in large anti-trust cases. The mere fact that the Government might have been overzealous in drawing its complaint should not act to penalize it throughout a protracted proceeding, especially since such a penalty would also tend to lengthen the trial and so impose upon the court. Once again, advertency must be given to the circumstance that the Government has already committed itself, albeit not irrevocably, to what it will prove at the trial. In these circumstances, on the same reasoning as set out under the previous heading, the objections of the Government are sustained. It must be pointed out, however, that since the Government has successfully resisted giving information concerning the effects of the conspiracy, a concomitant result is that the Government would have serious problems at the trial in presenting any evidence concerning those effects except insofar as such evidence would be admissible to prove other claims as to which the Government has answered defendants' interrogatories especially as contained in paragraphs 25 through 39 of the complaint. In addition, the law seems to be clear that the Government does not have to prove that the conspiratorial scheme was successful, only that it did in fact exist. United States v. Socony-Vacuum Oil Co., Inc., 1940, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129.

III. Interrogatories Seeking Legal Conclusions.

■ The third category of interrogatories objected to by plaintiff are those which, in part, seek legal conclusions.

There is, of course, no dispute among the parties as to the governing law. All agree that legal conclusions are not the proper subject of discovery proceedings. The proponents of the interrogatories objected to, however, contend that all that is sought is factual information. I do not deem it necessary to discuss the items specifically objected to. I have examined the objected to interrogatories and have determined that all seek legal conclusions and are incapable of answers sworn to under oath. Thus, the objections must be sustained.

Settle order.