**Mike LEDING, Plaintiff,**

v.

**UNITED STATES RUBBER COMPANY,**
**Defendant, and thirteen other cases.**

**Nos. 597, 619–623, 634, 643, 644,**
**655–657, 679, 680.**

United States District Court
D. Montana,
Butte Division.

March 11, 1959.

See also, D.C., 163 F.Supp. 327.

Doepker & Hennessey, Butte, Mont., for plaintiffs.

Corette, Smith & Dean, Butte, Mont., for defendant.

MURRAY, Chief Judge.

In each of the above cases, which are brought by the respective plaintiffs to recover damages for injuries allegedly sustained by them as a result of wearing rubber mine boots alleged to have been negligently manufactured by defendant, the plaintiff served interrogatories on the defendant, 10 in number. Defendant answered all of the interrogatories except No. 5, to which it replied "Defendant is advised it does not have to answer this interrogatory since it calls for privileged matter, i.e., counsel's work product". Interrogatory No. 5 reads as follows:

"5. The defendant has received from plaintiff directly or through its attorneys, one of the mine boots out of the pair complained of by the plaintiff in this case:

"(a) What investigation, inspection or analysis of its chemical composition or the kind or nature of its ingredients of which it is comprized has been made by the defendant?

"(b) What substances have been discovered in the composition of such mine boot?

"(c) Which of these are reasonably likely to be a source of harm to some people, including the plaintiff?"

Thereafter the defendant filed written objections to Interrogatory No. 5 on the grounds and for the reasons that:

"The investigation, inspection, analysis and other treatment of one of the mine boots out of the pair complained of by the Plaintiff are

in the files of Defendant's attorneys and were done and conducted:

"(1) under the supervision of or at the direction and request of the attorneys for the Defendant;

"(2) after the facts giving rise to the lawsuit had occurred;

"(3) in preparation for the trial of this case; and

"(4) constitutes privileged matter obtained in preparation for litigation; and

"(5) plaintiff has previously secured a chemical analysis of one of said mine boots by a chemist of his own choice."

In support of these objections defendant relies upon the case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

In the first place, it is to be noted that Part (a) of the interrogatory asks what investigation, inspection or analysis has been made *by the defendant*, and the other parts of the interrogatory are directed to the results of such investigation, inspection or analysis made *by the defendant*. In this situation the Court does not believe that the case of Hickman v. Taylor applies. In that case information was sought which had been gathered not by the defendant, but by the attorney for the defendant. There is no suggestion in these cases that the analysis concerning which information is requested in the interrogatory was performed by the attorneys for the defendant, and it cannot be said that such analysis was the work product of said attorneys.

The unsoundness of defendant's position will be clearly seen by its application in other situations. Consider for example a simple suit on an account against a corporate defendant. If the plaintiff in such a case directed an interrogatory to defendant as to what its record of the account showed, it would be no valid objection to say that since the law suit had been started defendant's counsel had requested its accounting department to prepare an analysis of the account and hence the information sought by the interrogatory was privileged as the work product of counsel simply because the analysis prepared by defendant's accountants rested in the files of defendant's counsel.

A situation somewhat similar to that involved here was passed on by the Court of Appeals for the Sixth Circuit in Sachs v. Aluminum Co. of America, 167 F.2d 570. In that case it was a deposition under Fed.Rules Civ.Proc. Rule 26, 28 U.S.C.A., rather than an interrogatory under Rule 33 that was immediately involved, but the problem presented by that case was the same as here. In that case Dr. Sachs, an expert in X-ray metallography, was *engaged by counsel* for the plaintiff in the case to make certain tests and X-ray photographs of samples of metal furnished him and defendant attempted to take his deposition. Dr. Sachs, on advice of counsel, refused to answer certain questions regarding the tests he performed on the ground of the same privilege asserted here. Upon being directed by the District Court to answer such questions, Dr. Sachs persisted in his refusal and was adjudged in contempt by the District Court and the judgment of the District Court was affirmed by the Court of Appeals. In the course of the decision the Court of Appeals said:

"Dr. Sachs is not an attorney but is an expert in X-ray metallography, who was engaged by counsel for the Cold Metal Process Company to make certain tests and X-ray photographs of samples of metal furnished him. His services were procured in preparation for the trial of a patent case. The information obtained by Dr. Sachs is not deemed to fall within the attorney-client privilege protecting the 'work product of the lawyer.' This information appears to be essential to a

vital issue in the case and is evidentiary in character.

"We think, therefore, that, as correctly reasoned by the district judge, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, does not sustain the position of appellant that the witness, Sachs, was privileged to decline to divulge the requested information by refusing to answer the questions put to him."

It seems that the Sachs case presented a stronger case for defendant's position than the cases at bar, for in that case Dr. Sachs was employed not by the party, but by its counsel, and yet the Court declined to uphold the claim of privilege.

Courts which have declined to permit discovery concerning tests or investigations of experts have usually done so upon the general basis of unfairness to the party who engaged the expert (See Volume 4, Moore's Federal Practice, 2nd Edition, Section 26.24, page 1153), the theory being that it is unfair to permit one party to an action to obtain free of charge information for which the other party has paid or obligated himself to pay a substantial amount of money. This situation does not exist in the instant cases because an examination of the file shows that the plaintiffs have likewise expended or obligated themselves to expend money for analysis of the boots by other experts and that the result of such analysis has been made available to the defendant. As pointed out in Sachs v. Aluminum Co. of America, supra, "The primary concern of courts of justice is to elicit truth essential to correct adjudication". Certainly this end can best be achieved in the instant cases by a full disclosure of all information available to either party.

For the foregoing reasons, It Is Ordered and this does order that defendant's objections to plaintiffs' Interrogatory No. 5 be and the same hereby are overruled and that defendant answer said Interrogatory No. 5 within 10 days from the receipt of a copy of this order.