**UNITED STATES of America,
Plaintiff,**

v.

**NYSCO LABORATORIES, INC., a corporation and Eugene J. Yoss, an individual, Defendants.**

**No. 60–C–530.**

United States District Court.
E. D. New York.

Nov. 25, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for plaintiff. Malvern Hill, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Bass & Friend, New York City, for defendants. Solomon H. Friend, New York City, of counsel.

BARTELS, District Judge.

Defendants object to plaintiff's interrogatories pursuant to Rule 33, Fed.Rules Civ.Proc., 28 U.S.C.A.

This is an action for an injunction under the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 321 et seq., to enjoin defendants from introducing into interstate commerce certain capsules containing phenylpropanolamine hydrochloride upon the ground that defendants have violated, and are violating, the Act by misbranding the drug to represent and suggest that the same is effective in weight reduction and control and that it had been approved by the Food and Drug Administration for over-the-counter use as an appetite depressant. Written interrogatories were served upon the Government and answered. Thereafter written interrogatories were served upon defendant by the Government consisting of 32 pages, 73 interrogatories and approximately 800 separate questions. To these the defendants object.

Under Rule 33, Fed.Rules Civ.Proc., interrogatories may relate to any matters which may be inquired into under Rule 26(b) and includes any matter "relevant to the subject matter involved in the pending action * * *". Written objections may be served "thereto".

■ The word "thereto" refers to a particular interrogatory or class of interrogatories, not to the interrogatories in general. In other words, the objections must be specific and supported by a detailed explanation why the interrogatory or class of interrogatories are objectionable. See Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., D.C.N.Y.1952, 12 F.R.D. 531, 533–534. The burden is on the objecting party to show in what respect the interrogatories are improper. Kainz v. Anheuser-Busch, Inc., D.C.Ill. 1954, 15 F.R.D. 242; see Glick v. McKesson & Robbins, Inc., D.C.Mo.1950, 10 F.R.D. 477, 479.

■ Defendants have not complied with these requirements. With a few exceptions which are treated below, they have not objected to a specific interrogatory or a class of interrogatories which they have identified, but have contented themselves with interposing objections based upon general principles, imposing upon the Court the task of selecting from the 73 interrogatories embracing 800 questions those particular interrogatories to which the general objections interposed by defendants may be applicable. This method of procedure is improper and ordinarily would merit dismissal of the objections. In the interest of expediency, the Court, however, has examined the interrogatories and objections and made its rulings thereon.

**I**

■ The first objection is that the interrogatories are burdensome, vexatious, and oppressive. If the interrogatories are relevant, the fact that they involve work, research and expense is not

sufficient to render them objectionable. Baim & Blank, Inc. v. Philco Corporation, D.C.N.Y.1957, 25 F.R.D. 86; United States v. E. I. duPont de Nemours & Co., D.C.Ill.1952, 13 F.R.D. 98. This case is in essence a scientific controversy and the subject matter of the action is whether the claims made by defendants with respect to the phenylpropanolamine hydrochloride are false and misleading. Much of the information requested is in the possession or knowledge of the defendants and must be compiled in their own preparation for trial. Some of the questions may not seem relevant to the issues but the test of relevancy is relevancy to the subject matter of the action and not to any specific issue framed by the pleadings. Sandee Mfg. Co. v. Rohm & Haas Co., D.C.Ill.1959, 24 F.R.D. 53. Viewed in this light, the interrogatories as a whole are not burdensome or oppressive.

## II

■■ Defendants' second objection is that the interrogatories are improper where they seek to secure work performed by experts or call for experts' opinion. Again, particular interrogatories are not specified. Realistically speaking, the resolution of the entire case depends upon medical and expert testimony and opinion. The necessities of such a case transcend the usual limitations which may otherwise be imposed upon discovery proceedings. E. I. duPont de Nemours & Company v. Phillips Petroleum Company, D.C.Del.1959, 24 F.R.D. 416; Leding v. United States Rubber Company, D.C.Mont.1959, 23 F.R.D. 220. "The primary concern of courts of justice is to elicit truth essential to correct adjudication." Sachs v. Aluminum Company of America, 6 Cir., 1948, 167 F.2d 570, 571. To the extent that information concerning medical and scientific facts is within the knowledge or possession of the defendants, the Court believes such information should be disclosed. If, however, it is not within the knowledge of the defendants, they need only so state.

Coyne v. Monongahela Connecting Railroad Co., D.C.Pa.1959, 24 F.R.D. 357. To clarify and narrow the issues, interrogatories may be employed to exact admissions from the opposing party. The Government is entitled to know what the defendants' position and contentions are on relevant points.

## III

■ Defendants' next objection is that the same or similar interrogatories were disallowed in United States v. Wilson-Williams, Inc., D.C.N.Y.1959, 24 F.R.D. 468, on the ground that the Government should obtain such information by depositions of expert witnesses rather than through interrogatories. The decision in that case does not support defendants' contentions, except for the fact that portions of an interrogatory were stricken which allegedly are identical to Interrogatory 32 herein. The Court assumes that the reason for the striking is the same that has prompted this Court to direct a modification of Interrogatory 32. The Court does not believe that the defendants in this case should be required to analyze and summarize the written opinions of the expert witnesses but should be required only to describe and identify them. These opinions are, however, the proper subject of discovery and certain interrogatories with respect thereto will be allowed. United States v. 12 Devices, etc., . . . Figurama Streamform Corporation, No. C–1144–58, D.C.N.J., letter opinion dated May 26, 1959; United States v. 48 Jars, etc., Tranquilease, D.C. D.C.1958, 23 F.R.D. 192; Sachs v. Aluminum Company of America, supra; see Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

## IV

After examination of the interrogatories and objections in view of the above authorities, the Court has concluded that the following interrogatories should be stricken or modified as below indicated, and that the remaining interrogatories should be answered to the extent that the

answers are within the knowledge and possession of the defendants. See United States v. Watchmakers of Switzerland Information Center, Inc., D.C.N.Y.1959, 168 F.Supp. 904.

Interrogatories 5, 34, 35(c), 41(e), 43, 44, 45, 68, and 69 are stricken;

Interrogatories 22, 23 and 42 are stricken, since the exhibits speak for themselves;

Interrogatories 8, 13, 19, 25, 27, 30, 47, 51, 55, 57, and 64(a) are modified to delete the words "qualifications" or "professional qualifications";

Interrogatory 2 is allowed, subject to the condition that a statement as to the nature of the qualification, if any, shall be a sufficient answer;

Interrogatory 19 is allowed, subject to the condition that defendants will not be required to undertake any independent research in order to frame their answer;

Interrogatory 32 is allowed, subject to the condition that it will be limited to the tests conducted by or on behalf of defendants, and a description of the test sufficient for identification, or if the tests have been published, any publications containing such studies and tests, shall also be given if the same are within defendants' knowledge;

Interrogatory 36 must be answered, if known, but if the information is contained in a published report, citation to the said report, or if not published a description of the report sufficient for identification, will be a sufficient answer;

Interrogatory 37 is allowed, with the same modification as given with regard to Interrogatory 36;

Interrogatory 67 is stricken, except with respect to the facts establishing the nature of the relationship between defendants and the persons enumerated in Interrogatory 66;

Interrogatory 63(a) is allowed, after striking the words "why its use is contra-indicated in each case"; and

Interrogatory 63(b) is allowed, after striking the words "name and address of each person having personal or expert knowledge of the truth of the response".

Enter order within ten (10) days, on two (2) days' notice.