Marjorie Porter HOAGLAND

v.

TENNESSEE VALLEY AUTHORITY.

Civ. A. No. 4576.

United States District Court
E. D. Tennessee, N. D.

April 24, 1963.

Arnett, Gilbertson & Draper, Knoxville, Tenn., Francis L. Dale, Frost & Jacobs, Cincinnati, Ohio, for plaintiff.

Charles J. McCarthy, Gen. Counsel, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

Plaintiff, Marjorie Porter Hoagland, pursuant to Rule 34 of the Federal Rules of Civil Procedure has moved the Court for an order requiring the defendant, Tennessee Valley Authority, to produce for inspection and copying, at plaintiff's expense, the following documents:

(1) The investigative reports of the accident which resulted in the death of plaintiff's intestate of the following employees of TVA: Eugene E. Light, Project Safety Engineer, Paradise. Steam Plant; A. H. Weber, Project Manager, Paradise Steam Plant.

(2) Any written reports of examination prepared by G. L. Crow, Metallurgist.

(3) The report or reports of any Board of Inquiry convened by TVA.

(4) The originals or complete photostatic copies of all statements of all persons, other than legal counsel for TVA, who have knowledge touching upon or relating to the accident of October 30, 1961.

(5) The originals or true copies of any drawings, sketches or diagrams relating to the accident of October 30, 1961.

(6) The originals or photostatic copies of "Daily Machine Report."

(7) Any photographs in the possession of the TVA showing the location of the subject elevator or materials hoist with reference to the Paradise Steam Plant facility.

The motion is supported by affidavit of Foster D. Arnett, Esq., one of the attorneys for plaintiff.

Defendant does not object to production of the documents described in paragraphs 5 and 6 of the motion and has already furnished the photographs requested in paragraph 7. Defendant does object to the production of the other documents requested in the remaining paragraphs upon two grounds: First, no good cause has been shown. Second, "the documents contain opinions, conclusions, and recommendations of experts which are not the proper subject of discovery."

Defendant supports its opposition to the motion with an affidavit of Beauchamp E. Brogan, Esq., one of its attorneys. The substance of the affidavit is that at the time of the accident on October 30, 1961 plaintiff's intestate was an employee of The Babcock & Wilcox Company. Mr. Garrett, Mr. Hoagland's supervisor, made a personal investigation of the accident the day following its occurrence. The investigative reports of Mr. Garrett were made available to plaintiff. Mr. Weger, another employee, furnished information to plaintiff concerning the accident. Mr. William Hickson also investigated the accident and his report has been made available to plaintiff. He was District Manager for Mr. Hoagland's employer. Mr. H. E. Greenwood of Clyde Iron Works visited the scene of the accident eleven days after its occurrence and made an investigation. Clyde Iron Works was the manufacturer of the equipment which allegedly failed and caused the accident. Mr. Greenwood's report was furnished to Mr. Charles A. Williams, Attorney, listed as one of plaintiff's attorneys. TVA on February 15, 1963 furnished plaintiff with the names and addresses of all per-

sons known to TVA to have any knowledge or information touching the accident, together with detailed information concerning the accident. On April 4, 1963, TVA furnished counsel for plaintiff 31 photographs of the equipment involved in the accident. Messrs. Arnett and Draper, Attorneys for plaintiff, on April 1, 1963, examined the portions of the brake band which contained the broken weld. At that time, Mr. Arnett was advised that he could have an expert inspect, analyze and make a study of the broken part. Mr. Arnett was also told that the hoist involved in the accident was at Paradise and was available to him and plaintiff's witnesses to examine, inspect and analyze.

The affidavit of Mr. Arnett filed in support of the motion gives a detailed history of the accident and states that plaintiff has been severely limited in the financial resources necessary to make a proper investigation of the facts preparatory to the trial of the lawsuit. That plaintiff's decedent only lived a few hours after the accident. That plaintiff is a widow with three children, thirteen years, nine years and six years of age. That the statements sought in the motion were made when the information was fresh in the minds of the witnesses and that it has been some eighteen months since the accident.

Plaintiff insists that the liberality of the discovery rules entitles her to all of the information sought.

The attorneys, during the argument on April 23, 1963, stated that the case was set for trial on May 16 and 17 and that an early decision on the question involved was necessary in order that plaintiff may know how to proceed to complete her investigation preparatory to trial.

The Court has considered the motion, the briefs in support and in opposition thereto, and has made such further investigation as the limited time would permit.

The Court is of the opinion and holds that plaintiff is entitled to the information requested in paragraphs 1, 3, 5, 6 and 7. Stark v. American Dredging Co., (D.C.E.D.Pa.) 3 F.R.D. 300; Henderson v. Southern Railway Company, (D.C.E.D.Tenn.N.D.) 17 F.R.D. 349; United Air Lines, Inc. v. United States, D.C., 186 F.Supp. 824.

The Court is of the opinion and finds that plaintiff is not entitled to the documents sought in paragraph 2, which involves the conclusions of defendant's expert.

The majority of the district courts have held that conclusions of experts are not discoverable. Maginnis v. Westinghouse Electric Corp., D.C., 207 F.Supp. 739, 740.

The Sixth Circuit held in the case of Sachs v. Aluminum Co. of America, 167 F.2d 570, that an expert in X-ray metallography, who was engaged by counsel in a patent case to make tests and X-ray photographs of samples of metal furnished him, could not refuse to answer questions propounded to him by counsel for the other party while giving a deposition relating to information obtained by the tests on the ground that it fell within the "attorney-client privilege."

The question as to whether experts are required to give their conclusions appear to have not been made in that case, and the decision does not solve the problem under consideration.

Professor Moore states the rule governing discovery of opinions of experts as follows:

"The court should not ordinarily permit one party to examine an expert engaged by the adverse party, or to inspect reports prepared by such expert, in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investi-

gation or research." 4 Moore, Federal Practice § 26.24, (2d Ed. 1950), p. 1531.

This Court is of the opinion that the reports of Expert Crow are not discoverable. See Stovall v. Gulf & South American Steamship Co., 30 F.R.D. 152 (D.C.S.D.Tex.)

Decision is reserved on the information sought in paragraph 4 awaiting receipt of a brief from plaintiff's counsel.

In summary, it is, therefore, Ordered that the motion be, and same hereby is, sustained as to paragraphs 1, 3, 5, 6 and 7, denied as to paragraph 2 and decision reserved as to paragraph 4.