**SANFORD CONSTRUCTION COM-
PANY, Inc., Plaintiff,**

v.

**KAISER ALUMINUM & CHEMICAL
SALES, INC., Defendant.**

No. 1277.

United States District Court
E. D. Kentucky,
Covington Division.

Dec. 12, 1968.

Charles J. Schear, Newport, Ky., Harry Kottler, Cleveland, Ohio, for plaintiff.

Bertelsman & Bertelsman, Newport, Ky., Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendant.

## MEMORANDUM

SWINFORD, District Judge.

This is a diversity action brought by the buyer of aluminum sewer pipe against the seller for breach of warranty. The pipe was purchased for use as part of a storm sewer system in connection with a shopping center being constructed by plaintiff. After the pipe was installed, it allegedly collapsed and was excavated and replaced by steel pipe. Agents of the defendant inspected the site when the aluminum pipe was installed and at various times thereafter. But when the pipe was excavated, plaintiff refused to permit representatives of the defendant to be present although it had its own experts present. After the steel pipe was installed, blacktop was placed over the area.

The defendant has moved, pursuant to Rule 34 of the Federal Rules of Civil Procedure, for an order requiring plaintiff to produce for inspection and copying the reports of these experts, the material of the pipe removed, and all photographs of the site taken at the time of excavation.

There are divergent opinions in the courts on the question of whether the

reports of experts, hired by a party in anticipation of litigation, are discoverable. See 2A Barron & Holtzoff, Federal Practice and Procedure, Section 652.5 (Wright Ed.). In Sachs v. Aluminum Co. of America, 6 Cir., 167 F.2d 570, discussed in briefs by both parties, the Court of Appeals for the Sixth Circuit was faced with a similar question. It was not called on to decide specifically whether opinions (as opposed to facts) are discoverable or whether written reports under Rule 34 (as opposed to information elicited by deposition) are discoverable. The Court in *Sachs* did, however, set the tone for discovery with regard to experts by saying:

> "The obvious purpose of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723, to broaden the scope of inquiry of an adverse witness or party without vouching for his credibility gainsays the thought that the attorney-client privilege should be liberally extended to cover information sought of one who is not a lawyer, but has merely been retained by an attorney at law as an expert in a scientific field. The primary concern of courts of justice is to elicit truth essential to correct adjudication." 167 F.2d 570–571.

The Sixth Circuit pointed out that Dr. Sachs was an expert in x-ray metallography who was engaged by counsel in preparation for trial and said, "The information obtained by Dr. Sachs is not deemed to fall within the attorney-client privilege protecting the 'work product of the lawyer.'"

The plaintiff herein relies heavily on Hoagland v. Tennessee Valley Authority, E.D.Tenn., 34 F.R.D. 458, which distinguished *Sachs* and held that the report of the expert under the circumstances was not discoverable. The rule approved by *Hoagland*, 34 F.R.D. at 460–461, is that stated by Professor Moore:

> "The court should not ordinarily permit one party to examine an expert

engaged by the adverse party, or to inspect reports prepared by such expert, in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investigation or research." 4 Moore, Federal Practice, Section 26.24 (2d Ed.1950), p. 1531.

■ Whether a showing of mere "good cause" required for the production of any document under Rule 34 or a showing of circumstances suggested by Professor Moore is necessary, this court is of the opinion that plaintiff must produce the reports of its experts. Because defendant's agents were not present at the excavation of the pipe and backfill and conditions have subsequently changed, the information contained in plaintiff's experts' reports cannot be obtained by the defendant's independent investigation. Defendant's motion should be sustained. See Colden v. R. J. Schofield Motors, N.D.Ohio, 14 F.R.D. 521.

■ Plaintiff attempts to distinguish the conclusions of an expert from the facts on which he bases his conclusions and argues that only the latter are discoverable. This argument is not persuasive. In an excellent and thorough opinion in Franks v. Nat. Dairy Products Corp., W.D.Texas, 41 F.R.D. 234, 237, the court quoted approvingly from Friedanthal, Discovery and Use of an Adverse Party's Expert Information, 14 Stan.L.Rev. 455, 472:

> "Unlike the attorneys' impressions or those of the client or his investigators as to the value of certain evidence or the veracity of a potential witness, the opinions and conclusions of an expert constitute evidence in themselves, and may be the only way in which to establish facts material to the case. Indeed, the report of an expert to the attorney is sought for the purpose of obtaining such facts and it can hardly

be said that once in the hands of the attorney the information becomes 'protected conclusions' anymore than does an eye witness account by any other witness."

These observations are applicable to the case at bar.

An order in conformity with this memorandum is this day entered.