See also D.C., 295 F.Supp. 1251, 1256.

Joseph J. TIERNAN, Jr., in his capacity as Administrator of the Estate of James E. Tiernan

v.

WESTEXT TRANSPORT, INC., Supervised Investors Services, Inc., Raymond West.

Civ. A. No. 3449.

United States District Court
D. Rhode Island.

Feb. 6, 1969.

James M. Jerue, William C. Dorgan, Providence, R. I., for plaintiff.

Raymond A. LaFazia, Providence, R. I., for Westext Transport, Inc., and Raymond West.

William A. Curran, Providence, R. I., for Supervised Investors Services, Inc.

## OPINION

PETTINE, District Judge.

■ This is a diversity action commenced by the administrator of the estate of James Tiernan against the named defendants for the wrongful death of Tiernan alleged to have been caused by the negligence of one or more of the defendants. The accident from which this action arose occurred in Plainville, Massachusetts on April 10, 1964. The plaintiff claims that witnesses to events concerning this accident have made statements to certain of the defendants which are now in the possession or control of the defendants or their attorneys. These are two motions pursuant to Fed.R.Civ.P. 34 by the plaintiff to obtain these statements from the defendants Supervised and Westext. The motion as to Supervised was made in October, 1965 and seeks, specifically, the statement of Alphonse Marcoux taken by John Stevens on May 25, 1965 and the statement of Leon Palmer taken by Robert Michaud on June 17, 1965. The motion as to Westext was made in September, 1968 and seeks, specifically, the statements of Paul Martell, Alphonse Marcoux, "Tony" of the Elboa Club, and Maurice Tort.

Fed.R.Civ.P. 34 states in pertinent part:

> Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying * * * by or on behalf of the moving party, of any designated documents, * * * not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control * * *. The order shall specify the time, place and manner of making the inspection * * *

There is no question here that the requirements of Rule 26(b), as it is incorporated into Rule 34, are met. Nor does there appear to be any Rule 30(b) protection sought here. If anything can be argued by the defendants it is either the absence of good cause or the existence of some privilege or of the "work-product" doctrine. First, with respect to the matter of good cause the defendants argue that they have supplied the plaintiff with the names of the persons who made the statements and that hence the plaintiff can get statements himself. That argument fails to recognize the fact that this is an action in which the plaintiff died without ever having been able to give any account of the accident, and that the sought statements were made within a month following the accident by these witnesses. It cannot be said in these circumstances that the plaintiff lacks good cause for the discovery of these statements. Crowe v. Chesapeake & Ohio Ry. Co., 29 F.R.D. 148 (D.Mich. 1961), Johnson v. Ford, 35 F.R.D. 347 (D.Colo.1964); see also Southern Ry. Co. v. Campbell, 309 F.2d 569 (5th Cir. 1962), Hoagland v. TVA, 34 F.R.D. 458 (D.Tenn.1963), Henderson v. Southern Ry. Co., 17 F.R.D. 349 (D.Tenn.1955); cf. Lindsay v. Prince, 8 F.R.D. 233 (D. Ohio 1948).

■ Next, with respect to the possible claim of privilege it must be concluded that discovery may be had. Here, none of the statements was made to an attorney and, moreover, none of the policy dynamics which underlie the principles of privilege apply. There is no relationship here which would be threatened by the disclosure of these statements. Cf. Johnson v. Ford, 35 F.R.D. 347 (D.Colo. 1964).

With respect to the claim of work-product the defendants likewise cannot prevail. Here, unlike in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the sought statements are not the impressions of defense counsel or extensive personal preparations by them. These statements are ones which could not in all probability now be obtained from the named witnesses because their present memories would hardly be as acute as their memories shortly after the accident. Moreover, the fact of the plaintiff's decedent's death and hence the unavailability of any description to the plaintiff is a further distinguishing characteristic of this case.

In accordance with Rule 34, the court orders the parties to establish a mutually satisfactory time and place for the production and copying of all the requested statements.

The plaintiff will prepare an order stating the ruling of the court and the time, place, and manner of copying.