## Dugcon Danville Associates v.
## Koppers Company Inc.

*Gailey C. Keller* and *Richard C. Glazer,* for plaintiff.

*Larry P. Gaitens,* for defendant Yecko and Zbikowski.

*Robert L. Walsh,* for defendant Koppers Company Inc.

MYERS, *P.J.,* March 2, 1983 — Plaintiffs in this trespass and assumpsit action seek various damages occurring as a result of a January 1978 collapse of the courtyard roof of the premises commonly known as The Sheraton, at Route 80 interchanging near Danville, Montour County, Pa.

Plaintiffs are the owners and operators of The Sheraton and defendant Koppers Company was the supplier and installer of laminated beams and purlins and wood roof decking. On March 19, 1981, defendant Koppers served upon plaintiffs a request for production of plaintiffs' expert report, or in the

alternative, interrogatories directed to plaintiffs' expert. Plaintiffs filed an answer to defendant Koppers' request for production of documents along with answers to interrogatories. Defendant in this motion for sanctions contends that it is unable to provide the report of its expert without first observing plaintiffs' expert report. The grounds advanced for this contention are: (1) plaintiffs' expert made an on-site inspection of the accident scene immediately after the collapse, while defendant Koppers received notification of the collapse approximately two months after its occurrence; (2) plaintiffs denied defendants access to the scene.

Plaintiff denies the latter contention and alleges that defendant Koppers has, at all times, been provided access, inspection and examination of the failed beam and purlins.

Defendant Koppers further contends that without plaintiffs' expert report, it will be seriously prejudiced and unable to adequately prepare the defense of its case.

Pa.R.C.P. 4003.5 governs the discovery of expert testimony. It provides in pertinent part that:

"(a) Discovery of facts known and options held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

(1) A party may through interrogatories require:

(a) Any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and,

(b) the other party to have each expert so identified by him state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

The party answering the interrogatories may file as his answer, a report of the expert or have the interrogatories answered by his expert. The answer, a separate report, shall be signed by the expert.

(2) Upon cause shown, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate."

Defense counsel contends that under the circumstances of this case, good cause exists to require the production of plaintiffs' expert report under Rule 4003.5. We agree. Rule 4003.5 closely parallels Fed. R.Civ.P. 26 (b) (4). In discussing discovery from an adverse party's expert under that rule it is stated:

"The court should not ordinarily permit one party to examine an expert engaged by the adverse party, or to inspect records prepared by such expert in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investigation or research. . . ." 4 Moore's Federal Practice (2d Ed. 1969) §26.24.

We find that compelling circumstances exist that require production of the expert reports in this case. First, it is evident that expert testimony will be critical to a resolution of the complex technical issues in this case. Accordingly, cross-examination by counsel of the adverse party's expert will be crucial to the outcome of the case. We find that counsel for defendant Koppers will be denied this opportunity based solely on the response provided to defendants' expert interrogatories. See Quadrine v. Sikorsky Aircraft Corporation, 74 F.R.D. 594 (D. Conn. 1977). Secondly, expert reports of the adverse party have been ordered for inspection and copying where

extraordinary circumstances limit the access of one party for investigation of the accident site. In Sanford Construction Company v. Kaiser Aluminum and Chemical Sales, 45 F.R.D. 465 (E.D.K.Y. 1968), a buyer of aluminum sewer pipe which collapsed brought suit against the seller for breach of warranty. The court held that where representatives of defendants were not present when the pipe was excavated, and there was no possibility of independent investigation by defendant, the production of plaintiffs' expert report could be compelled. In the present case the pleadings indicate that plaintiffs' expert examined the accident site immediately after the collapse, while defendant was not informed of the collapse for two months. Defendant has never conducted an independent investigation of the causes of the collapse.

We find that defendants have met their burden of showing that the information sought is necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent research. Therefore good cause exists to require plaintiff to produce the expert report of Dr. Wayne K. Murphey.

## ORDER OF COURT

And now, this March 2, 1983, it is ordered that plaintiff forthwith furnish to defendants the expert report of Dr. Wayne K. Murphey.

It is further directed that all parties conclude discovery proceedings within 60 days from this date.

It is further directed that trial in this matter shall be without a jury, at a date to be fixed by the court.