402 F.Supp. 1219 (1975)
In re Raymond FONTAINE, Bankrupt.
BENEFICIAL FINANCE CO. OF NEW YORK, INC., Plaintiff-Appellant,
v.
Raymond FONTAINE, Defendant-Respondent.
No. 75-B-34.
United States District Court, E. D. New York.
October 21, 1975.
*1220 William Scheinberg, Brooklyn, N. Y., for plaintiff-appellant.
Berman, Dubow & Vladimir, P. C., New York City, for defendant-respondent; Arthur C. Berman, New York City, of counsel.
BARTELS, District Judge.
Raymond Fontaine filed a voluntary petition in bankruptcy on January 7, 1975. Thereafter plaintiff, Beneficial Finance Co. of New York, Inc., commenced this action pursuant to Section 17(a)(2) of the Bankruptcy Act, 11 U. S.C. § 35(a)(2), for a determination that the $2,400 debt of the bankrupt, Fontaine, to plaintiff is not dischargeable because credit was extended in reliance upon an intentional and material false statement of liabilities made by him in his credit application. By an order dated May 20, 1975, Bankruptcy Judge Price permitted the defendant to inspect and copy all loan applications submitted to plaintiff's branch office located at 1712 Kings Highway, Brooklyn, New York, for the months of September, October and November, 1973, which plaintiff claims involves over 250 files *1221 to be selected from several thousand. Plaintiff accordingly appeals from that order.
The production of documents in adversary bankruptcy proceedings is governed by Rule 734 of the Rules of Bankruptcy Procedure, which merely incorporates by reference Rule 34 of the Federal Rules of Civil Procedure ("FRCP"). Rule 34 of the FRCP authorizes the production of documents constituting or containing evidence related to matters within the scope of discovery permissible under Rule 26(b) of the FRCP, which includes all matters relevant to the subject matter of the pending action or reasonably calculated to uncover useful evidence. See, e.g., Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654 (1960).
Apparently defendant admits the falsity of his liabilities statement in his application but claims that there was no reliance thereon. In this connection he asserts that it is necessary to inspect the files for all loan applications received by plaintiff, for both approved and disapproved loans, in order to show that there was no reliance upon his failure to include certain liabilities on his credit application. Plaintiff, on the other hand, claims that loan applications, other than that of the defendant, are irrelevant to this case since each application is independently considered solely on its own merit by weighing numerous variables. In addition, plaintiff alleges that the task of making over 250 files available from a total of several thousand would be unduly burdensome and that to inspect these files defendant would need the aid of plaintiff's employees to interpret numerous codes therein with the result that plaintiff's business would be seriously disrupted.
In In the Matter of Arthur Singman, Bankruptcy No. 75 B 1474 (S. D.N.Y., February 24, 1975), Bankruptcy Judge Herzog reached a conclusion contrary to that of Bankruptcy Judge Price in a case involving the dischargeability of a loan by Household Finance Corp. to the bankrupt, Singman. Judge Herzog said:
"Let the record indicate that counsel for the defendant wants production of applications for loans from the same lender by other persons, persons other than this debtor. His purpose is to show that this particular lender has made loans in cases where the applicant is in a similar financial situation without relying on the amount of the debt.
I ruled that that is inapplicable. Anything that happened in any other case with this lender with any other applicant is irrelevant."
We agree with Judge Herzog. While reliance on a false statement is an essential element, it often may be inferred from the circumstances attending the transaction. See Gerstle v. Gamble-Skogmo, Inc., 298 F.Supp. 66, 98 (E.D. N.Y.1969), modified, 478 F.2d 1281 (2d Cir. 1973); Ochs v. Woods, 221 N.Y. 335, 338, 117 N.E. 305, 306 (1917); Matter of First Citizens Bank & Trust Co. of Utica v. Sherman, 250 App.Div. 339, 294 N.Y.S. 131, 140 (4th Dept. 1937). Moreover, failure to rely on similar false statements, if true, is no evidence that there was no reliance in this particular instance especially in view of the fact, as stated by plaintiff, that each loan is a separate entity and is considered apart from previous applications. Consequently, there is no likelihood that useful evidence might be uncovered which is relevant to the subject matter. See Boeing Airplane Co. v. Coggeshall, supra. While the standard of relevancy is a liberal one, it is not so liberal as to allow a party "to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." Broadway & Ninety Sixth St. Realty Co. v. Loew's, Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958), quoted in In re Surety Association of America, 388 F.2d 412 (2d Cir. 1967), at 414.
*1222 Moreover, assuming those other application files were relevant, the extreme burden placed upon plaintiff to produce over 250 files with supporting papers out of several thousand would require, upon the balancing of the interests to be served, a limitation upon such discovery. Rule 26(c) of the FRCP. See also, Dolgow v. Anderson, 53 F.R.D. 661 (E.D.N.Y.1971); United States v. Standard Oil Co. (New Jersey), 23 F.R.D. 1 (S.D.N.Y.1958); Jack Loeks Enterprises, Inc. v. W. S. Butterfield Theatres, Inc., 20 F.R.D. 303 (E. D.Mich.1957).
Thus, under the circumstances the discovery of files and papers relating to other transactions should be barred and, accordingly, the decision of Judge Price is reversed.
So ordered.