## STATE OF VERMONT

## ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| SUNSET CLIFF HOMEOWNERS ASSOCIATION, INC. | } } } } | |
| Plaintiff, | } } } } | Docket No. 198-8-06 Vtec |
| v. | } } | |
| THE CITY OF BURLINGTON, and KEYSTONE DEVELOPMENT CORP., | } } } } | |
| Defendants. | } } | |

### Decision and Order on Motion to Compel, Motion to Accept Duplicate Filing and Motion for Permission to Appeal

Sunset Cliff Homeowners Association (Sunset Cliff) brought this action against Defendants Keystone Development Corporation (Keystone) and the City of Burlington (City), seeking an injunction against Keystone and mandamus relief requiring the City to prevent Keystone from clearing trees, engaging in ditch work, and otherwise developing its 40.9± acre parcel located on Appletree Terrace in Burlington without first obtaining the necessary permits required by the City of Burlington Zoning Ordinance. This Court has jurisdiction over this enforcement action pursuant to 24 V.S.A. § 4470(b) and Rule 3(8) of the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.).

The substantive motions now pending before this Court are Keystone's motion for permission to appeal the Preliminary Injunction issued by this Court on September 1, 2006 and Sunset Cliff's motion to compel certain discovery from Keystone. Sunset Cliff is represented by Robert B. Hemley, Esq.; Keystone is represented by John W. O'Donnell, Esq. and Frank von Turkovich, Esq.; and the City is represented by Kimberlee J. Sturtevant, Esq. and Joseph A. Farnham, Esq. Sunset Cliff objects to Keystone's pending interlocutory appeal and duplicate filing motions and Keystone objects to Sunset Cliff's motion to compel. The City has taken no position on any pending motion.

**Background**

The dispute between these parties has a lengthy history before this Court, the Burlington Development Review Board, the former Water Resources Board, the Washington Superior Court, the Vermont Supreme Court, and the Chittenden Superior Court. Six years ago, Keystone first sought to develop a 40.9± acre parcel of land located on Appletree Terrace in the City of Burlington, within the Waterfront Low-Density Residential District. Keystone filed its first applications for zoning and subdivision permits to construct a planned residential development of 148 units on the parcel on March 27, 2000. These applications were granted by the Burlington DRB and then denied in a de novo appeal to this Court. Appeal of Sunset Cliff, Inc., Docket No. 26-2-01 Vtec (Vt. Envtl. Ct., Apr. 18, 2003), slip op. at 15. Keystone's subsequent attempts to develop the parcel, either through the proper channels or otherwise, resulted in subsequent litigation in Chittenden Superior Court, the former Water Resources Board (followed by appeals to the Washington Superior Court and the Vermont Supreme Court) and the present action before this Court. Our understanding is that the Chittenden Superior Court proceeding, Strathmore Homeowners Assn. v. Keystone Devel. Corp., Docket No. S1051-05 Cnc (Chit. Super. Ct., filed Sept. 19, 2005), is still pending.

Later, despite a Preliminary Injunction[1] issued by this Court on September 3, 2004, (2004 Preliminary Injunction) enjoining Keystone from cutting trees or otherwise engaging in development activities,[2] Keystone gave notice of its intent to begin clearing the parcel of trees and conducting ditch work and other development activities in August 2006.[3] Shortly thereafter, Sunset Cliff filed the present private enforcement action in this Court. We then issued another Preliminary Injunction pursuant to V.R.C.P. 65(b) on September 1, 2006 (2006 Preliminary Injunction). The 2006 Preliminary Injunction ordered that Keystone "shall not cut any trees, do any ditch work, alter the terrain or drainage, alter the contours of the Parcel, plow so as to change the contours of the parcel, or do development work on the Parcel," until authorized to do so by this Court.

---

[1] The 2004 Preliminary Injunction was issued by this Court on September 3, 2004 in the municipal enforcement action entitled City of Burlington v. Keystone Development Corporation, Docket No. 153-8-04 Vtec.

[2] Keystone asserts that the 2004 Preliminary Injunction was dissolved by a stipulation and dismissal entered while that earlier proceeding was on appeal to the Vermont Supreme Court, but this Court was unable to conclude that an order had been issued that specifically dissolved the 2004 Injunction, based upon the record presented at the most recent injunction hearing on August 29, 2006.

[3] Keystone now claims that it does not intend to develop the parcel as originally planned, but merely wishes to conduct "agricultural and silvicultural" activities on the parcel.

After that point, the case took a somewhat bizarre twist. On September 25, 2006, this Court held a telephone conference to discuss a discovery schedule. During the telephone conference, counsel for Keystone represented to the Court that he had filed a motion for permission to file an interlocutory appeal regarding the 2006 Preliminary Injunction. Counsel for Sunset Cliff indicated that he had been served with a copy of Keystone's motion on September 19, 2006.[4] Keystone's counsel had previously indicated at the August 29, 2006 hearing that Keystone intended to request permission to appeal the 2006 Preliminary Injunction, so Attorney O'Donnell's reference during the September 25th conference was not a surprise to the Court. However, as of September 25, 2006, the Court docket did not reflect that Keystone's motion had been received for filing. Counsel for Keystone submitted a copy of the motion to the Court by facsimile later that day. The original of Keystone's motion dated September 18, 2006 (a copy of which Sunset Cliff received on September 19, 2006) has never been received by this Court. Keystone filed a replacement motion with the Court on October 4, 2006.

Subsequently, the parties stipulated to a discovery schedule pursuant to V.R.C.P. 26, which was entered as a Discovery and Pretrial Order by this Court on October 17, 2006. The discovery schedule provides that all written discovery requests (except requests for admissions) shall be served no later than October 16, 2006, with responses due within the time limits set forth in V.R.C.P. 26. By the time the Discovery and Pretrial Order was entered, Sunset Cliff had already served Keystone with its first set of written discovery requests. Keystone served its responses on October 27, 2006.[5] We first address Sunset Cliff's motion to compel further discovery responses.

### Sunset Cliff's Motion to Compel Discovery

V.R.C.P. 26(b)(1), modeled after the federal rule, provides that, unless limited by court order, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." V.R.C.P. 26 further provides that discovery is not limited to information that would be admissible at trial, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." V.R.C.P. 26(b)(1); see also 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2008.

---

[4] Sunset Cliff correctly notes in its Memorandum in Opposition that even if Keystone's motion was received and filed with the Court on September 19th, it would have not been timely filed under V.R.A.P. 5(b).

[5] Although served outside the 30-day time period provided by V.R.C.P 30(a), Keystone's responses were not untimely, as Sunset Cliff had agreed to an extension of that time period.

Despite Rule 26's broad pronouncement of the parameters of discovery, it is not intended to allow sweeping expeditions into a party's every deed and thought in hopes of finding something that may be pertinent to the case. The scope of allowable discovery is constrained by the concepts of relevance and privilege. Manosh v. First Mountain Vermont, L.P., 177 Vt. 616, 619 n.1 (2004) (noting that topic of appraisals was not relevant to dispute over interpretation of lease provisions). Thus, "[w]hile the standard of relevancy is a liberal one, it is not so liberal as to allow a party 'to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" In re Fontaine, 402 F. Supp. 1219, 1221 (D.C.N.Y. 1975), quoting in part Broadway & Ninety Sixth St. Realty Co. v. Loew's, Inc., 21 F.R.D. 347, 352 (S.D.N.Y. 1958). We have considered these words of guidance in making our determinations on Sunset Cliff's pending motion to compel further discovery responses from Keystone.

The subject matter of this action is the enforcement of the Burlington Zoning Ordinance against Keystone. Specifically, Sunset Cliff alleged in its complaint that Keystone plans to alter its property and perform development work without necessary permits from the City in violation of the Zoning Ordinance. Sunset Cliff now seeks discovery from Keystone in various areas, to which Keystone objects on relevance, privilege, and proprietary or confidentiality grounds, all of which can be generally summarized as follows: (a) financial information (including information about any financial encumbrances on the parcel and information about financing, debts, and income of Keystone related to the parcel; (b) any past plans related to development of the parcel; (c) tax information related to the parcel; (d) promissory notes issued to engineers; (e) information about consultants or attorneys retained in connection with the parcel; (f) information about employees or others with whom Keystone has contracted to work on the parcel in connection with its agricultural or silvicultural pursuits; and (g) a list of other properties owned by the principals or related entities of Keystone.

When Sunset Cliff served these discovery requests, Keystone provided it with responsive information limited to its present intended use of the parcel, but objected to the requests for information about past development plans based on relevance. Keystone also objected to the subject matter of some of the requests inquiring about Keystone's debts, liabilities, and income related to the parcel, asserting that Keystone is seeking irrelevant information.

4

Keystone argues that because the subject matter of this action is a permanent injunction barring it from undertaking activities on the parcel, and because Sunset Cliff has not sought monetary damages, Keystone's financial history, its mortgage, and its financial arrangements with third parties regarding prior development plans are irrelevant. We agree. This is exactly the type of discovery that delves into "shadow zones of relevancy", especially given the limited jurisdiction of this Court in an enforcement action. We do not believe that the requested financial records would be admissible at trial, and cannot fathom how their disclosure could lead to the discovery of admissible evidence. Furthermore, we conclude that Sunset Cliff's request for Keystone's past drawings and plans suffers from an identical deficiency: the requested documents are not relevant to the pending enforcement action and are unlikely to lead to the discovery of admissible evidence. Finally, we note that Sunset Cliff's motion must also be denied to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

Sunset Cliff has also moved to compel more complete responses to several additional discovery requests. With respect to Requests 5 and 6, seeking specific documents related to the parcel, the Court finds that Keystone has provided sufficient responses. Further, we note as a practical matter that it appears that Sunset Cliff seeks production of information that Keystone asserts does not exist. We cannot compel such production. Sunset Cliff's motion is therefore denied as to these two requests.

As for Request 8, which seeks information regarding other real estate that Keystone's principals own and the uses to which they are put, such information is both irrelevant to and outside the jurisdictional scope of this enforcement action. Therefore, Sunset Cliff's motion must also be denied as to this request.

Conversely, we note that certain information that Sunset Cliff seeks and Keystone has yet to disclose is relevant to this proceeding. This includes information related to Keystone's actions on the parcel and use of the parcel since 2004, when it began the work that gave rise to this action. Thus, Sunset Cliff's motion is granted as to Interrogatories 9 and 10 and Document Request 3, but only to the extent that Keystone must provide responsive information dating from 2004 to present.

## Keystone's Motion to Accept Duplicate Filing

Keystone has filed a motion requesting that this Court accept a duplicate filing of its motion for permission to file an interlocutory appeal. In its motion, Keystone noted that its counsel, Mr. O'Donnell, had deposited the interlocutory appeal motion into the United States mail on September 18, 2006 and that, possibly through a computer error, the motion may have been sent to the Court's former address.[6] Counsel for Sunset Cliff represented to the Court during the September 25, 2006 telephone conference that he was served by mail with a copy of Keystone's motion and he received it on September 19th. Counsel for the City also received their copy of the motion by mail on September 19th.

Pursuant to V.R.A.P. 5(b), a motion for permission to file an interlocutory appeal "shall be made within 10 days after the entry of the order or ruling appealed from." As Sunset Cliff notes, the language in the Rule appears mandatory. However, there appears to be no Vermont authority discussing this timeliness issue in civil cases[7] or restricting a trial court's discretion to grant such a motion when it is made out of time. In this situation, we conclude that equity weighs against denying Keystone's interlocutory appeal motion out of hand, solely on the basis that it was filed out of time. The original motion was never received by the Court and was, more than likely, literally lost in the mail or during the attempted mailing process. Thus, while the untimely filing has caused the Court and all parties some consternation, we have chosen to exercise our discretion to grant Keystone's motion to accept duplicate filing in light of the unique procedural facts of this case and the important legal issues raised in the motion for permission to appeal.

## Keystone's Motion for Permission to Appeal

We now turn to the substance of Keystone's motion for permission to appeal the 2006 Preliminary Injunction pursuant to V.R.A.P. 5(b). Keystone asks this Court to certify six questions of law for review by the Supreme Court. Two involve issues related to the Environmental Court's jurisdiction under 24 V.S.A. § 4470, one involves a standing issue, one

---

[6] In the past, when parties have mistakenly sent mail to the Environmental Court's former address, the mail was usually forwarded to the Court at its current address or returned to the sender as undeliverable. The Court never received Keystone's motion by forwarded mail.

[7] Our Supreme Court has allowed consideration of a tardy interlocutory request filed by the State in a criminal proceeding: State v. Lewis, 151 Vt. 38 (1988). V. R.A.P. 5(b) also controls such requests. Of particular interest and procedural relevance to this pending appeal, the Lewis case involved a duplicate filing of the State's motion, the latter motion being the only correctly filed motion, although it was filed nearly 30 days late. Id. at 39–40. The Court nonetheless allowed the interlocutory appeal to proceed, noting that the timeliness issue was "not jurisdictional." Id. at 40.

involves an exhaustion of remedies issue under 24 V.S.A. § 4472, and two involve interpretations of whether the clearing of trees by Keystone requires a permit pursuant to the Burlington Zoning Regulations.[8]

The interlocutory review that is authorized under V.R.A.P. 5(b) is an extraordinary remedy that is rarely appropriate. Three criteria guide our determination of whether to grant Keystone's motion. First, we must determine whether the order being appealed from "involve[s] a controlling question of law." In re Pyramid Co. of Burlington, 141 Vt. 294, 300–301 (1982) (citing V.R.A.P. 5(b)) (internal quotation omitted). Second, "there must be substantial ground for difference of opinion as to the correctness of that order" and third, "an interlocutory appeal should materially advance the termination of the litigation." Pyramid Co., 141 Vt. at 301 (citing V.R.A.P. 5(b)) (internal quotations omitted). However, courts are guided away from strict adherence to these criteria as separate, or distinct, requirements in favor of a more fluid application of the principles they embody. Pyramid Co., 141 Vt. at 302. Thus, "[t]he three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." Id.

Here, the first criterion is satisfied because the 2006 Preliminary Injunction involves controlling questions of law. Reversal of the 2006 Preliminary Injunction would have the required "immediate effect on the course of litigation" and would result in resources being saved because it would pare down the entire case to one claim: Sunset Cliff's request for mandamus relief compelling the City to enforce the Ordinance against Keystone. For this reason as well, the third criterion is met because any determination that this Court issued the 2006 Preliminary Injunction in error, particularly if based upon a determination that Keystone has the legal authority to conduct its planned activities on the parcel without first obtaining a municipal permit, would quickly advance the termination of this case. Similarly, a determination that the 2006 Preliminary Injunction was properly issued, particularly if based upon a determination that this Court has the jurisdictional authority to order that Keystone must first obtain a municipal permit, may quickly advance the termination of this litigation. Furthermore, if the 2006

---

[8] On August 11, 2006, the Burlington Zoning Administrator issued a written determination that Keystone's proposed clearing and grading of trees required a zoning permit pursuant to § 4.1.3(a) of the Burlington Zoning Regulations. If this determination has been appealed, we have not been made aware. If it was not appealed, it constitutes a final determination that cannot now be contested and is therefore binding on all the parties to this proceeding. 24 V.S.A. § 4472(d); In re Tekram Partners, 2005 VT 92, ¶¶ 8 and 13.

Preliminary Injunction is not reversed on appeal, the mandamus claim could be dismissed as moot.[9]

Finally, there is substantial ground for difference of opinion on the propriety of the 2006 Preliminary Injunction. This case's long history in various forums has resulted in significant jurisdictional confusion among the parties, and for this Court, especially due to the concurrent proceedings in a wide variety of forums, including actions that remain pending in this Court and the Chittenden Superior Court. There is also potential for significant difference of opinion as to the remedies available to a private party under 24 V.S.A. §§ 4470(b) and 4472 regarding exhaustion of administrative remedies when a party seeks relief not from a final action, but from a municipality's failure to act.

We have no intention of shying away from difficult decisions; such is the primary responsibility of a trial court judge, particularly one charged with determining to what uses an owner may put their property and the impact to be allowed on its adjoiners. Although this case presents difficult issues, this Court has tried to make the most informed decisions on the issues presented by both the preliminary injunction request and the interlocutory appeal requests. However, this case presents the substantial grounds for difference of opinion, due to the multiplicity of actions and less than clear statutory direction in 24 V.S.A. § 4470(b), that leads us to conclude "that a reasonable appellate judge could vote for reversal of the challenged order." Pyramid Co., 141 Vt. at 307, quoting Note, Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b), 88 Harv. L. Rev. 607, 618 (1975).

For the foregoing reasons, Sunset Cliff's motion to compel is **GRANTED** in part and **DENIED** in part, with each side to bear its own costs. Keystone's motion to accept duplicate filing is **GRANTED;** its motion for permission to file an interlocutory appeal is **GRANTED** in part and denied in part. The following questions are hereby certified for review by our Supreme

---

[9] Sunset Cliff's mandamus claim requests that this Court issue an order compelling the Burlington Zoning Administrator to "take all steps necessary to prevent Keystone from altering the Property without first obtaining all required municipal permits." Verified Compl. for Mand. and Inj. Relief, filed Aug. 21, 2006, at 8. However, assuming this Court could even issue such an Order, the request may be made moot if the Preliminary Injunction is upheld. The City has already issued a determination that Keystone's proposed activities constitute development and would violate the City's bylaws if commenced without first obtaining a zoning permit. See Letter of Determination from Burlington Zoning Administrator Ken Lerner, dated Aug. 11, 2006 and admitted as Plaintiff's Exhibit 10 at the Aug. 29, 2006 hearing. If an appeal of that determination has been taken to the Burlington DRB, it has not found its way yet to this Court. But absent further development activity by Keystone without first obtaining a zoning permit, the further action this Court could direct the City to take has not yet been made clear by Sunset Cliff's filings.

Court pursuant to V.R.A.P. 5(b) (to the extent that Keystone's certification requests are not repeated below, they are **DENIED**):

1. Did the August 19, 2005 Stipulation signed by Keystone and the City of Burlington, followed by the Supreme Court Entry Order,[10] dissolve the Preliminary Injunction issued against Keystone by this Court on September 3, 2004 in the matter entitled City of Burlington v. Keystone Development Corporation, Docket No. 153-8-04 Vtec? If the determination is made that the 2004 Preliminary Injunction was dissolved, what impact would that determination have on this Court's capacity to issue the Injunction that Keystone now challenges?

2. Does the Environmental Court have jurisdiction to issue a preliminary injunction requested by a private party under 24 V.S.A. § 4470(b) and what relief is an interested person entitled to under that section?

3. Must a private party, such as Sunset Cliff, exhaust all administrative remedies under 24 V.S.A. §§ 4465 and 4472 before seeking a preliminary injunction in the Environmental Court?

Given this Order, the discovery deadlines established by the Scheduling Order of October 17, 2006 will be subject to change following a determination by the Vermont Supreme Court.

Done at Berlin, Vermont this 4th day of December, 2006.

_____
Thomas S. Durkin, Environmental Judge

---

[10] In the matter entitled City of Burlington v. Keystone Development Corporation, Vt. Supreme Ct. Docket No. 2004-524, the unpublished entry order dismissing the appeal, based upon the parties' stipulation, was filed on August 29, 2005.